**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN ESTUARDO LOPEZ-SAMAYOA, | No. 07-73200 |
| Petitioner, | |
| v. | Agency No. A098-112-082 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Ivan Estuardo Lopez-Samayoa, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's denial of Lopez-Samayoa's asylum claim because, even if credible, the threats against Lopez-Samayoa did not rise to the level of persecution, *see Lim*, 224 F.3d at 936, his uncle's death was unconnected to Lopez-Samayoa, *see Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (requiring that any pattern of persecution against friends or family members be "closely tied to the petitioner"), and Lopez-Samayoa failed to establish he was or would be persecuted by the Guatemalan government or by persons the government was unwilling or unable to control, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1071-72 (9th Cir. 2005).

Because Lopez-Samayoa failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Lopez-Samayoa did not establish a likelihood of torture by, at the instigation of, or

with the consent or acquiescence of the Guatemalan government.  *See Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004).

Finally, Lopez-Samayoa's due process challenge to the BIA's summary affirmance fails because the BIA adopted and affirmed the IJ's decision in its entirety, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994).  *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (stating that a *Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

**PETITION FOR REVIEW DENIED.**